IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )        2:21cr455-MHT
                              )          (WO)
WILLIAM COLON EASTERLING,     )
BRENT COLON EASTERLING,       )
KASSI BROOK EASTERLING,       )
WILLIAM TYLER EASTERLING,     )
GEORGE WILLIAM EASTERLING,    )
THOMAS GLYN WILLIAMS, and     )
AMBER NICOLE EASTERLING       )

ORDER

This cause is before the court on defendant Thomas Glyn Williams's oral motion to continue the trial, which was joined by defendants William Colon Easterling, Brent Colon Easterling, Kassi Brook Easterling, William Tyler Easterling, George William Easterling, and Amber Nicole Easterling. For the reasons set forth below, the court finds that jury selection and trial, now set for March 14, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States*

*v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    § 3161(h)(7)(A).    In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance would "deny counsel for the defendant ... the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial. During the conference call today, defense counsel represented, and the government did not contest, that the discovery in this case is extremely voluminous and that, as a result, they will not have sufficient time with the current trial date to review the discovery, determine strategy, and prepare for trial or, if appropriate, negotiate a plea. In addition, at least one of the defense attorneys is contemplating filing pretrial motions and will need to review the discovery before determining which motions to file and litigating those motions. The court therefore finds that a continuance of the trial is necessary to ensure that defense counsel have adequate

3

time for preparation.  In addition, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as followed:

(1) The oral motion to continue trial (Doc. 63) is granted as to all defendants.

(2) The jury selection and trial, now set for March 14, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset all appropriate pretrial deadlines in light of the new trial date and conduct another pretrial conference prior to the June trial term.

DONE, this the 8th day of November, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4